IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACKIE LAMAR AARON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-828-RAH-SMD |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.     INTRODUCTION

In this 42 U.S.C. § 1983 action, Jackie L. Aaron ["Aaron"], an inmate housed at Limestone Correctional Facility, asserts that he is falsely incarcerated, that his attorney falsified documents, and that the Alabama State Bar refused to intervene.  He names as the sole Defendant the State of Alabama.  Previously, Aaron filed an action in this Court raising similar claims against specifically named Defendants whom he generally references in this action.  *See Aaron v. Montgomery,* 2:07-cv-193-WKW-SRW.  This action was transferred to the United States District Court for the Northern District of Alabama.  *Id.* at Docs. 3&4.

In this Court's Recommendation transferring the previously filed action, the Court recognized that the plaintiff had already litigated substantially similar complaints against these same defendants in the United States District Court for the Northern District of Alabama.  *Aaron v. Phillips, et al.*, Case No. 5:06-CV-00859-CLS-RRA (N.D. Ala. 2006); *Aaron v. Cardwell*, *et al.*, Case No. 5:06-CV-1742-VEH-RRA (N.D. Ala. 2006).  Thus, it

reasoned that, since the majority of witnesses and evidence associated with this case were located in the Northern District of Alabama, in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination. *See Aaron,* 2:07-cv-193 at Doc. 3 pp. 2-3.

Upon review of the factual allegations presented in the instant complaint, the court concludes that this case should likewise be transferred to the United States District Court for the Northern District of Alabama pursuant to provisions of 28 U.S.C. § 1404. [1]

## II. DISCUSSION

A civil action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

Limestone Correctional Facility is located in Limestone County, Alabama, and is within the jurisdiction of the United States District Court for the Northern District of

---

[1] In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.  However, it appears that the claims presented in the complaint are subject to summary dismissal as malicious in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Alabama.  Further, the actions made the basis of the instant complaint occurred in the Northern District of Alabama.  It likewise appears from the complaint that the individuals involved in this action, but not named as defendants, reside in the Northern District of Alabama.  As such, the majority of witnesses and evidence associated with the claims raised in this case reside or are located in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404(a).

On or before **February 1, 2022**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of January, 2022.

 /s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE